

**VIA ECF**
Honorable Edward Kiel, U.S.M.J
United States District Court
New Jersey District Court

    *Re:*    Jeronimo v. T.S. Ma: 23-cv-01836

Your Honor,

This firm represents Plaintiff Roberto Jeronimo ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants T.S. MA CHINESE CUISINE INC, AND THOMAS MA (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties") to request Court approval of the settlement agreement (the "Agreement"), annexed hereto as Exhibit A.

    This letter will provide support for the Parties' fair and reasonable settlement sum of ($29,500) twenty-nine thousand dollars. It will also provide the Court with the required information regarding Plaintiff's attorneys' fees so that the Court can determine whether the requested award of $11,646.35 including costs and fees.

    This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act and New Jersey Wage and Hour Law (NJWHL) resulting in a settlement that provides Plaintiff with a satisfactory recovery of his damages under applicable law. The Parties have determined that his interests are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. Thus, the settlement satisfactorily resolves the Parties' *bona fide* dispute.

    The Agreement is the result of arms-length bargaining between the Parties and his counsel and reflects a desire to settle and compromise all of Plaintiff's claims asserted in this case, as outlined more specifically in the attached Agreement fully and finally.

    For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

**Plaintiff's Allegations and Defendant's Responses**

On April 1, 2023, Plaintiff Roberto Jeronimo represented by counsel, commenced a wage and hour lawsuit against Defendants (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NJWHL.

The Complaint charges the Defendants with breaches of the Fair Labor Standards Act (FLSA) and the New Jersey Wage and Hour Law (NJWHL) Jeronimo's claim contends that during his employment spanning from February 2021 to June 2023, he received a an hourly pay of $11.80 per hour and worked 72 seventy-two hours per week. She asserts that he did not receive the appropriate minimum wage and was not compensated for overtime for any hours worked in excess of a standard 40-hour work week.

Defendants position is that Defendants deny the allegations in the Complaint. During the course of this action, Defendants have produced time and payroll records that indicate that Plaintiff was paid the correct hourly rates with applicable premiums for overtime hours.

In summary, there exists a genuine disagreement between the parties concerning the validity of the Plaintiff's wage and hour allegations. The present settlement represents the parties' endeavor to settle these issues cordially and equitably, achieved through direct negotiations and avoiding extended legal proceedings.

### I. The Settlement is Fair and Reasonable

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when he are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing his respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's length bargaining between experienced labor and employment counsel which was devoid of any semblance of

fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both parties involved in this dispute recognized significant uncertainties should the lawsuit progress. Had the factfinder concluded that the Plaintiff received a minimum wage and did not accrue more than forty (40) hours each week, his allegations would be at risk. Furthermore, the Plaintiff faced the possibility of an extended delay, potentially spanning several months to years, before the case could be resolved through trial. At this point in the legal process, the Plaintiff stood to obtain a major portion of his claimed FLSA dues without enduring the lengthy and uncertain endeavor of pursuing his case in court.

On the flip side, though the Defendants felt assured in their ability to refute the Plaintiff's accusations effectively, they recognized the peril of the Plaintiff succeeding with certain aspects of his case. There was also an awareness that even a favorable outcome for the Defendants might only be achieved following sustained and costly legal action. The risks associated with litigation expenses and the potential for incurring liabilities, however slight, inclined the Defendants towards a preemptive settlement. Consequently, both parties confronted substantial hazards by furthering the litigation, supporting the conclusion that approving the Agreement would be in their best interests.

*The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

This Agreement was the product of legitimate bargaining between experienced labor and employment counsel devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of his client from the inception of this matter through negotiating the amount of the settlement to memorializing the terms of same.

Similarly, Defendants' counsel worked to ensure that Defendants reached a settlement where Defendants have produced, for purposes of mediation, time and payroll records of Plaintiff. The parties attended a mediation through the Court's annexed Mediation program where the parties were able to fully evaluate their respective claims and defenses. The settlement was reached after multiple rounds of exchange of settlement demands/offers, which represents a substantial compromise on both sides.

The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

## II. **Plaintiff's Application for Attorney's Fees Should be Approved**

Given Plaintiff's counsel's significant experience representing Plaintiffs in wage and hour litigation, Plaintiff obtained a fair result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

a. Lina Stillman has been practicing law since 2012. From 2012 to 2015, he was an associate at two (2) law firms where he practiced exclusively in the areas of Labor and Employment, emphasizing wage and hour litigation.
She opened his law firm in response to the immigrant community's need for honest Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian, and Portuguese.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic and the New York Chapter of the National Employment Lawyers Association.

Plaintiff's counsel seeks an award of $11,646.35 consisting of a 33.33% and including costs of $402, Service $317, and Mediation $1,095. Plaintiff's counsel respectfully submits that such a fee award is well within the realm of acceptable fee awards for FLSA settlements.

## **Conclusion**

For all of the reasons above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement. Counsel represented Plaintiff throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on his client's approval. The Plaintiff's interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,
/s/Lina Stillman

cc: All counsel (*via* ECF)